How do you pronounce your client's name? Thank you. Sucic? Sucic. Please be seated. May it please the Court, Kenneth Carpenter appearing on behalf of the adult children of Mr. Jack Sucic. Mr. Sucic, unfortunately, has passed away. At issue in this case is the right of the adult children of Mr. Sucic, under the provisions of 38 U.S.C. 5121 A, to be substituted as appellants in his pending appeal before the veterans court that is on remand from this court. The issue in this case is the interpretation of the phrase the veterans children as used in a provision that is referred to in 5121 A. So the argument is that we don't need to interpret children because there's a definition of it. So what is your view as to why that definition doesn't control? Because that definition pertains to the use of the term child as it relates to the award of benefits, either additional benefits for the veteran or benefits independently for the child after the veteran dies. How do we know that? I mean, is there anything in the language that says that? Is there some limiting cross-reference? How do we know that? I'm not sure that there is any way to discern that from either the text of the statute 101 parens 4 or, for that matter, from the text of 5121 lowercase A. However, the fact is that when Congress wrote 5121 lowercase A, the Congress used a specific term in the third category of qualified survivors of dependent children, which evidences an intent upon Congress and expresses to this court a clear understanding of that intent. Mr. Carpenter. Yes. You draw, regarding 5121A, you draw a distinction between the use of the word veteran's children and the use of the word child. Correct. Supposing the veteran only has one child. Is that children? No, because one child would be the veteran's children. However, the question. No, it would be the veteran's child. Excuse me. What would be a child of the veteran? And the child of the veteran, whether an adult or a minor. So the distinction between children and child doesn't apply there, right? I don't think the distinction is relevant as it relates to the definition provided by Congress in 1014. What I'm suggesting is. You argued that the plural form somehow altered the understanding, the underlying meaning of children as opposed to child. Well, simply in this context, because there were three children. The distinction here is the way in which Congress used the phrasing of the veteran's children versus the veteran's dependent parents. I know that's a point, but why don't we stay with Judge Wallach's point? Because the other sort of incongruity is that they talk about dependent parents in C. But if there were only one dependent parent alive, you would clearly say that parents includes one parent. So in that regard, the veteran's children includes every child, which brings us back to the definition in 101 of the word child, right? Well, I think it only does if that definition is relevant to the determination as to substitution. And I'm suggesting that it is not relevant. But can you point us to anything either in 5121 or in 101 that cabins the applicability of the definition? No, I cannot. How do you deal with 1 U.S.C. 1, the very first thing in the United States Code, which says, quote, in determining the meaning of any act of Congress, unless the context indicates otherwise, words importing the singular include and apply to several persons. And I don't see that as a barrier here, because that is why. You seem to be drawing a distinction in your brief. I'm looking at page 12. Yes, but that distinction is in the context of this case and in the context of what 5121 lowercase a does. The function of 5121 lowercase a is to allow for a class of individuals identified by Congress to step into the shoes of the veteran and under this lowercase a file a new claim on their own in their own behalf versus under 51. How do your clients fit in that category? I'm sorry. How do your clients fit in that category? Because they are in the class of the veteran's children, whether singular or plural, without regard or need in the context of what you're doing under 5121 lowercase a to collect or to attempt to recover benefits that were due and owing the veteran at death. And a minor child or a dependent child is just as capable of doing that as an adult child is when you look in the context of 5121 a as to what the function is. But they identify the minor child and they identify the dependent child who's in college and so on. Yes, but what they do not do is to expressly exclude the adult children. And the government and the veterans court have by inference decided that the phrase veterans children excludes adult children. Clearly the definition in 101-4. The statute reads it logically excludes those children who are not covered specifically. There are Latin maxims that explain that. Except that, Your Honor, the qualifier in 101-1 is to look at the context of the statute. And in this case, the context of the statute involved is to, if you will, designate representatives to act on the veteran's behalf after the veteran's death. And there is no reason. You don't think it's to designate beneficiaries? Well, they do not become beneficiaries unless they succeed. And that's the important part of understanding the total context of 5121. You can step into the appellant's shoes and lose the appellant's appeal. So what is relevant? Could your clients bring a separate accrued benefits claim? I believe that they could. A separate action? Yes, under 5121. If this court interprets the phrase, the veteran's children, to include adult children. Under the existing case law and interpretation of 5121 lowercase a, they could not. They would be expressly excluded. And that's the point of reading 5121 lowercase a as a statute that excludes certain of the veteran's children, i.e., the adult children. But when Congress amended the statute, it did so in order to allow children to step in as substitute and see the claim through to its completion. But I'm not sure that Congress intended for the children who were not eligible for accrued benefits to become eligible. That is correct, Your Honor. Well, your interpretation leads to that scenario. If we accept your argument, then we have to accept that the statute also changed who is entitled to accrued benefits. And I just don't read the statute that way. Respectfully, Your Honor, you're looking at the two statutes as though they were one. 5121 capital a is the substitution question. And Congress made that substitution statute dependent upon qualifying under 5121 lowercase a. I don't understand. When you have a provision in the statute that is titled definitions, that doesn't do anything in and of itself other than to provide definitions of terms that are used in other sections, right? Correct. So you're saying that 5121 is an exception to the other rule that we would normally apply was all of these definitions apply. I'm suggesting that 5121 lowercase a must be looked at through the lens of what it does. And it provides a two-step process post-death of a veteran when there is an assertion that there are benefits that are due and unpaid. And those benefits are not benefits where there is necessarily a determination of entitlement, but in fact a pending appeal or claim for entitlement. And that claim under 5121 capital a has to be continued by someone. They had to go all the way back to the regional office and start the claim all over again. Okay. Can I just ask you just for clarification? 5121-2, the phrase is upon the death of a veteran to the living person first listed below. Correct. So if you've got a spouse, you don't reach 2 or B or C. That is correct. So in your view, the veterans' children, this debate we've been having about whether it's child or children, whether there's a difference, you would agree, would you not, that as Judge Wallach pointed out, if you don't have a spouse and you have one child, you would say that B would be covered and then you don't reach C. That's correct. So even though it's a child and not children, that would be covered. You wouldn't get to the dependent parent. You would not reach the dependent parent. You would not reach the dependent parent. And in fact, there is another provision. But that cuts against your view of the word, your view that children somehow brings us to a definition other than the definition of child. What I'm suggesting is, Your Honor, when Congress chose to use the phrase the veterans' children and not use the phrase the veterans' dependent children, as Congress clearly did in the next subsection. Well, let's say the word in B said the veterans' child. Would your argument be any different? Would you still say it had to say dependent child, even though that term is explicitly defined in 101? No, except that Congress placed a parenthetical behind both of those definitions of in equal share. So the suggestion is that Congress' thinking was in terms of multiple children, even though I agree that, as Judge Wallach points out, you could have just a single child. Well, if there were a definition of parent in 101, you wouldn't say, well, that definition doesn't apply to 2C, because that talks about parents and not parent, right? That would be correct. Because in C, Congress expressly qualified the term parent or parents by the term dependent. And that communicated, expressed intent upon Congress to limit the class to only those parents who were dependent and imposed no such limitation on the preceding section in B that applies to the veterans' children. Thank you. We'll reserve the remainder of your time for rebuttal. Good morning. Good morning, Your Honors, and may it please the Court. This Court should affirm the decision of the Court of Appeals for veterans' claims because Congress, in the definitional section of the statute, Section 101, Subsection 4, explicitly defined the term child, quote, for the purposes of this title, meaning all of Title 38. And that includes Section 5121A, the section at issue here, with the phrase. Can I ask you kind of a sideshow question, which is, just as a practical matter, what's happening to these benefits? My recollection is that this veteran won benefits backdating to a certain date, but there was still a dispute over how far that date went, how far back that date went. That's correct. Is he, given his unfortunate death in the interim, is he still going to get or has he gotten the benefit? I mean, there was no dispute he was entitled to certain benefits backdating to a certain date. That's right. Is that part of the case that was still open at his death? And if so, does that mean that he doesn't get anything? No, that's not my understanding. And to dig in a little bit into the background weeds here, my recollection is similar to yours, Your Honor. This veteran was found in 2007 to have a service connection dating back to 2003. And the way that works, based on my understanding, is that that person would then be getting the benefits. He then appealed that decision and sought an earlier effective date, which after a number of remands, even before it got to this court, ultimately came to this court in 2016. This court remanded just that issue of the benefits going back. So even though the case may still be open, that he's not forfeiting upon his death, he's got some back stuff coming under this case. Well, I think it already came. He would have been awarded benefits in 2007. Going back to 2003, that would have been awarded. That's my understanding, although it's not an issue. It's your understanding. It's just the remainder that remains in dispute that is affected by our conclusion. That's right. And just to finish the thought, that is an issue that this court addressed in Youngman. I think we can all agree that it's an unfortunate situation when there's an open claim and the veteran passes. But this court stated in Youngman that the benefits are essentially for the veteran, the veteran's benefits. Or the benefits minor. Or dependents. So supposing that the veteran has a child in college. And so you're looking at four years or something. But the question of those possibly accrued earlier benefits hasn't been decided yet. How does it get handled? Well, that's an issue that the Veterans Court addressed. I think I understand Your Honor's question correctly. Obviously, correct me if I'm getting it wrong. But that's an issue that the Veterans Court dealt with below in this case. And it also cited by cross-reference to one of this court's decisions in National Organization of Veterans Advocates. So it's in the record. The statute explicitly says that the claimants claim the beneficiaries accrue, quote-unquote, upon the death of the veteran. And so what this court discussed in National Organization of Veterans Advocates and what the CAVC discussed below in this case when it was the argument is that the operative date is the date on which the veteran passes upon the death of the veteran, rather than the date of the claim. The original argument that Mr. Soukjian... But there's an inchoate amount of money that hasn't been decided whether he's entitled to that money at the time he dies. That's correct. That claim continues, correct? If you have a minor or a child. Yes, that's correct. That's what both 51-21-a allow that claim to continue. It says that if you're an accrued benefits beneficiary, you can... Do the same presumptions apply in favor of the veteran, apply in favor of the veteran's dependent children? You know, I think that's an open question. I don't think that's an issue that's been explicitly decided. They're obviously not the veteran, but they are... To the extent the statute is a pro-claimant statute, to the extent that they fit within the statute, they would be the object of the pro-benefit aim of that statute. The difference here is you're dealing with adult children. I know that's where I'm going. We would respectfully disagree with one of the points that Appellant's counsel made in his remarks, which is he said that the statute does not anywhere exclude adult children, and we'd respectfully disagree with that because the definitional provision of the statute, 101 sub 4, explicitly defines child as a minor child. And I should add that that definition, 101 sub 4, includes one explicit exclusion, which is Chapter 19, which deals with life insurance benefits. You're anticipating my question, which is, when you have an adult child who's not a dependent, has anybody ever talked about whether they stand in the position of a privileged beneficiary? Or has that claim ever arisen? You see what I'm saying. Because Congress clearly has some interest in protecting those dependent children, and in placing them in a position of wardship. Right. And it doesn't necessarily have an interest in placing the adult children in a position of wardship. I would agree with that point, Your Honor. Has it ever been discussed anywhere? Because I didn't see it. The closest thing I would point Your Honor to is there's a Morris decision that we cited in our brief. And page 499 of that decision, this is a Veterans Court decision. One of the things that the Veterans Court said was that it was another instance. It was one of these cases similar to this Court's Youngman decision, where it was a fiduciary rather than an adult child, but it presents very similar circumstances. And one of the things the Court pointed out there is the three categories of dependents who are listed in 51-21-2 are the same kind of three categories of dependents for which the veteran in life could get additional benefits for having a dependent, either a spouse or a child or a dependent parent. I think that, on the one hand, shows a congruence between the type of point Your Honor is making, or who is Congress really seeking to protect here. And then Your Honors could also look at the structure in the context of the statute itself. It's reasonably clear that Congress has set this up for the benefits to belong to the veteran. There are obviously certain dependents. When you have a dependent, colloquially you could call it an extension. I think there's a quote on the VA building from President Lincoln about who has borne the battle and his widow and his children. I walk by it every day. I'm not familiar with the quote, Your Honor, but your point is well taken. Does 4A, does the definition of child, which Judge Wallach in his question referred to, the fact that kids are in college or in school, and that's included in the definition of child? That sounds so familiar. Do you happen to know if that corresponds to the Social Security Administration? Because I know for dependent benefits, if you're still in school, you kept continuing on. I don't know the answer to that, Your Honor, but I do know it's effectively, I know from personal experience, it allows a child who continues to be dependent on his or her parents because they're going to school. At some point it was added to, okay, they don't have to be under,  so that's the nature of that. I'd like to follow up on the question I asked Mr. Carpenter and directed to you. Would his clients be able to bring a separate accrued benefits claim? Let's say they don't want to substitute. Instead, they want to just go off and file a new claim. Would they be able to do that? No, they would not, but only for the same reasons that they're not eligible beneficiaries to substitute. That actually gets to a point that I was about to make myself, which is that the substitution statute, 5121A, twice cross-references the definition of who counts as an accrued benefits beneficiary under 5121a. It's in the first paragraph of the statute, but maybe even the last paragraph of the statute is the clearest. It's subsection B, limitation, and it says, those who are eligible to make a claim under the statute, quote, shall be determined in accordance with section 5121a of this title. The reason that that's relevant to your question, Your Honor, is because the point here is that 5121A changed procedurally the process for someone who is an eligible beneficiary to step into the shoes of the veteran claimant. Previously, they had to go back and start a new claim. 5121A makes it possible for that person, rather than having to go back and start a new claim, to step right into the shoes of the veteran and continue the veteran's claim. But it does not change the definition of who counts as an eligible claimant. It doesn't change the definition of 1014, and it doesn't purport to change how that's carried through in 5121a. In fact, it twice cross-references that statute. So it's a procedural change, but it doesn't change the substance. And so if someone was an eligible beneficiary, presumably they would be able to do it either way. They could start a new claim, although clearly why would you want to if you could continue the veteran's claim, or they could continue the veteran's claim. But as a non-eligible beneficiary, they couldn't do either. Can I ask you about one of Mr. Carpenter's arguments, which goes to the amendment that included veterans' dependent parents? Yes, Your Honor. I mean, I know we all have to take a deep breath if we're talking about Congressional intent, but it seems more logical than not, doesn't it, that if Congress just at one time is not writing 101, they're writing this provision, and they're putting in the word dependent for parents, the same people doing that would, if they intended to only include dependent children, likely put the same word in there, right? Well, Your Honor, I think I can clear up some confusion there. And we've discussed this in our brief, and so did the Veterans Court itself. The difference here is that there is a definition of parent that's in Section 101 of the statute. It's actually Section 101.5 and 102. The basic statute 101, this is 5, so it's the next one right after child, defines parent but doesn't have the same type of dependence limitation. There actually is a separate definition of dependent parents in 102. And this is exactly what the Veterans Court said. It actually supports our position because the point is child is already defined as dependent. Parent is not defined as dependent in its basic definition. And so unless Congress added that moniker dependent parent to parents, they would have been connoting all parents because that's what the basic statutory definition says. So if anything, it supports our position. All of the claimants under sub 2 are different types of dependents. If Congress had not added dependent in front of parent, it would have been using the 101.5 definition, which is all parents. Adding that same moniker in front of child or children would have been redundant because the statute's definitional provision already defines child as either a minor or somewhat some other form of dependent child. Thank you, Your Honor. We request affirmance of the CAVC decision. Thank you. Your Honor, I'd like to clarify something that the government said. Maybe I misheard what the government said. But in this case, Mr. Sukik's benefits will be forfeited if there is no substitution. His appeal, his claim, will die with him. And there will be no recovery. And assuming for the moment that there is an entitlement to those benefits, those benefits will accrue to the benefit of the government because they will not be ordered and obligated to pay them. Maybe I'm thinking about something else. Do you disagree, though, with what he said about my question about the benefits that everybody has already agreed he was entitled to? Those are not involved. Those were received by Mr. Sukik during his life. The appeal that he carried on until his death was to deal with the earlier effective date. And this court ordered that it be returned to the board for another consideration of whether or not there was or wasn't an entitlement. And that's where the substitution in capital A becomes different from the lower case A because it allows the substituted appellant not to have to go back to the beginning but then simply pick up where the case was at the time of death. And that seems to me to get to the salient purpose or the salient difference between the definition in 101 and its use in Title 38 versus the statute that was created by Congress that dealt with how you recover those benefits and identified within that statute clearly a difference between the veteran's children and the veteran's dependent parents. And that should allow for Mr. Sukik to continue his appeal after his death in order to recover those benefits. Let's move to further questions. Thank you. We thank both sides and the case is submitted.